IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2005 AUG -1  AM 11: 21

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
      DEPUTY

| | | |
|---|---|---|
| ROBERT T. O'DONNELL AND | § | |
| WILLIAM K. BROWN | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A 03 CA 902 LY |
| | § | |
| GREG ABBOTT, ATTORNEY GENERAL | § | |
| FOR THE STATE OF TEXAS | § | |
| Defendant. | § | |

## DEFENDANT'S SUPPLEMENTAL BRIEF

TO THE HONORABLE LEE YEAKEL:

Pursuant to the Court's order requesting supplemental briefing on relevant legislation, Hon. Greg Abbott, Attorney General of Texas, defendant, respectfully submits the following.

The legislation identified by the plaintiffs appears to have been drafted with them in mind and has the potential to render their lawsuit moot. But some uncertainty remains. First, for House Bills 1238 and 2668 to moot this litigation, the plaintiffs must make it clear that they seek no retrospective relief. In their briefing and at trial, the plaintiffs have sometimes seemed to be seeking compensation for past injury.

Even if the legislation has mooted the case, and even if this lawsuit was a "catalyst" for the legislation, the plaintiffs are not entitled to recover attorneys fees. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 531 U.S. 598, 600-09, 121 S.Ct. 1835, 1838-43 (2001).

However, the prospect of mootness is not certain as to prospective relief. H.B. 1238 adds subsection (e) to TEX. FAM. CODE § 234.008, providing that if the defendant is notified by federal

1

73

child support authorities that the legislation results in the state's loss of eligibility, the arrangement created by the bill "is null and void [and] is not effective." That contingency would restore the situation that gave rise to this suit. *See Buckhannon Bd. & Care Home*, 531 U.S. at 609, 121 S.Ct. at 1842-43 ("'It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'").

                                          Respectfully submitted,

                                          GREG ABBOTT
                                          Attorney General of Texas

                                          BARRY R. McBEE
                                          First Assistant Attorney General

                                          EDWARD D. BURBACH
                                          Deputy Attorney General for Litigation

                                          JEFF L. ROSE, Chief
                                          General Litigation Division

                                          JAMES C. TODD
                                          Texas Bar No. 20094700
                                          Assistant Attorney General
                                          General Litigation Division
                                          P. O. Box 12548, Capitol Station
                                          Austin, Texas  78711-2548
                                          (512) 463-2120 (Telephone)
                                          (512) 320-0667 (Facsimile)

                                          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. mail on August 1, 2005, to:

Michael C. Crowley
Frank M. Reilly
POTTS & REILLY, L.L.P.
401 West 15th Street, Suite 850
Austin, Texas 78701

James C. Todd
Assistant Attorney General