IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 AUG 10 AM 10: 36
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| ROBERT T. O'DONNELL AND § <br> WILLIAM K. BROWN § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> GREG ABBOTT, ATTORNEY GENERAL § <br> FOR THE STATE OF TEXAS § <br> Defendant. § | CIVIL ACTION NO. A 03 CA 902 LY |

**DEFENDANT'S SUPPLEMENTAL REPLY BRIEF**

TO THE HONORABLE LEE YEAKEL:

Pursuant to the Court's order requesting supplemental briefing on relevant legislation, Hon. Greg Abbott, Attorney General of Texas, defendant, respectfully submits the following, in reply to Plaintiffs' Supplemental Brief.

The plaintiffs argue in their supplemental brief at 4 that under new subsection (e) to TEX. FAM. CODE § 234.008, for the provisions of H.B. 1238 to become null and void, "the federal office would have to find that subsection (d) results in the OAG's failure to meet the requirements of both 42 U.S.C. sections 654a(e) and 654b." By the plaintiffs' reading, the Legislature is perfectly content to have the State suffer penalties (including loss of child support enforcement funding) so long as the Attorney General's Child Support Division fails to comply with only one section of the statute; only if the new provision causes the defendant to lose funding for noncompliance with *two* sections would the Legislature make it inoperative. *But see Smith v. City of Brownwood*, 161 S.W.3d 675, 678 (Tex. App. – Eastland 2005, no pet. his.) ("In construing a statute, courts will not attribute an intent to the legislature that leads to an absurd result if there is a more reasonable construction").

Assuming that the foregoing provision does not stand in the way of mooting the plaintiffs' claims for prospective relief, their lawsuit is not moot because they declare in their supplemental brief at 5 that they still seek the "recovery . . . of damages . . ." *See De La O v. Housing Authority of the City of El Paso, Tex.*, ___ F.3d ___, 2005 WL 1663940, *3 (5th Cir. 2005) ("claim for damages . . . precludes a finding of mootness"); *Pederson v. La. State Univ.*, 213 F.3d 858, 874-75 (5th Cir. 2000) (citing *Henschen v. City of Houston*, 959 F.2d 584, 587 (5th Cir. 1992)).

The plaintiffs are not entitled to attorney fees for claims (if any) mooted by the legislation. *Bailey v. Mississippi*, 407 F.3d 684, 686-87 (5th Cir. 2005); *Johnson v. Rodriguez*, 260 F.3d 493, 494 (5th Cir. 2001).

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        BARRY R. McBEE
        First Assistant Attorney General

        EDWARD D. BURBACH
        Deputy Attorney General for Litigation

        JEFF L. ROSE, Chief
        General Litigation Division

        JAMES C. TODD
        Texas Bar No. 20094700
        Assistant Attorney General
        General Litigation Division
        P. O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 (Telephone)
        (512) 320-0667 (Facsimile)

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. mail on August 10, 2005, to:

Michael C. Crowley
Frank M. Reilly
POTTS & REILLY, L.L.P.
401 West 15th Street, Suite 850
Austin, Texas 78701

James C. Todd
Assistant Attorney General

3