IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 AUG 10 PM 4:27
CLERK DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| ROBERT T. O'DONNELL AND<br>WILLIAM K. BROWN<br>    Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. A 03 CA 902 LY |
| GREG ABBOTT, ATTORNEY<br>GENERAL FOR THE STATE OF TEXAS<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFFS' REPLY BRIEF

TO THE HONORABLE LEE YEAKEL:

COME NOW, the Plaintiffs, Robert T. O'Donnell and William K. Brown, hereafter referred to as "Plaintiffs," and file this their Brief in Reply to that of Defendant, and would respectfully show the Court the following:

### 1. Legislation

States are encouraged to enact laws to streamline child support actions. 42 U.S.C. §§654(20), 666. The identified legislation is just such an enactment and, given the effective track record of the Guardian ad Litems ("GAL") as described in the trial of this matter, will greatly benefit Texas children.

### 2. Mootness

Plaintiffs agree with the State that passage of the two House bills increases the likelihood that the major legal issues in this litigation are moot. Although Plaintiffs question the statement that "the

legislation was drafted with [Plaintiffs] in mind," in relation to the original intent behind H.B. 2668 as filed,[1] Plaintiffs agree that the effect of the House bills is to affirm – as a legislative policy choice – the creation and use of the Guardian ad Litem program.

### 3. *Buckhannon*

The Office of the Attorney General ("OAG") is ambivalent regarding the effect of the legislation, especially by its references to *Buckhannon Board and Cave House, Inc. v. West Virginia Department of Public Health and Human Resources.*[2] *Buchannon* rejected the "catalyst" theory of awarding attorney's fees in rights based litigation, and held that to be a "prevailing party" eligible to receive such fees, a party must secure a judgment on the merits or a court ordered consent decree, even if the litigation brought about a voluntary change in the Defendant's conduct.[3] Since the Defendant has not, voluntarily or otherwise, changed its conduct, *Buchannon* is not relevant. Further, unlike the action of the West Virginia legislature described in *Buchannon*, the Texas legislation was not a *deus ex machina* that intervened providentially on the Plaintiffs' behalf. Plaintiffs were likely to prevail anyway.

For *Buchannon* to be applicable, the OAG would have to agree with Plaintiffs' claims – including the equitable restitution of diverted payments and fees – on the ground that the legislation

---

[1] *See, e.g.*, comments by Alicia Key and H. Patrick Sullivan, the directors of Defendant Attorney General's Child Support and Federal Policy Division: "In 2004, the legislature added subsection (g) from H.B. 2668 that, as originally filed, was designed to prohibit a private entity from functioning as a local registry under an appointment by a court. To this end, the bill first amended the definition of 'local registry' under §101.018 to specify that only a public entity could serve as a local registry and then added (g) above to provide an exception for a private entity that operates under a contract with a commissioners court or domestic relations office. In a remarkable volte-face the bill's author accepted a floor amendment to add "under an appointment by a court" to the new subsection thereby completely voiding the author's intent in filing the legislation in the first place." Comment to §154.241(g), SAMPSON & TINDALL'S TEXAS FAMILY CODE.

[2] 532 U.S. 598 (2001).

[3] 532 U.S. at 600.

awards such relief. In other words, if one questions whether a change in the Defendants' conduct has occurred, and if that change has altered the parties' relationship, the answer is "No." Consequently, *Buchannon* is not applicable to deny an award of attorneys fees to Plaintiffs.[4] Even if the State was acting in good faith, compliance with an official or legal requirement, that also is not a special circumstance sufficient to deny attorneys fees.[5]

Since *Buchannon* does not preclude recovery of attorney's fees, Plaintiff, if successful in this litigation, will request the Court to order recovery of reasonable attorney's fees and other damages as set forth in Plaintiffs' Second Amended Original Petition, and under TEX. CIV. PRAC. & REM. CODE, Chapter 105.

### Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiffs seek the relief sought in Plaintiffs' Second Amended Petition and such further relief to which Plaintiffs are justly entitled.

Respectfully submitted,

**POTTS & REILLY, L.L.P.**

Michael C. Crowley
Frank M. Reilly
State Bar No. 16751985
401 West 15th Street, Suite 850
Austin, Texas 78701
Telephone: (512) 469-7474 ; Fax: (512) 469-7480

By: _____
Michael C. Crowley
State Bar No. 05170300

**ATTORNEYS FOR ROBERT T. O'DONNELL AND WILLIAM K. BROWN**

---

[4] *See* 532 U.S. at 604. This is not to say that the legislation has not changed the parties' relationship, a fact which the Defendant does not deny; instead, the Defendant has not voluntarily changed its conduct.

[5] *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiffs' Reply Brief has been served via facsimile on the following parties on this, the 10th day of August 2005:

James C. Todd
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
Michael C. Crowley

L:\Clients\ODonnell\Briefs\ReplyBrief legis.dr.wpd